UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

**FILED**
2019 JUL -2 P 3: 20
U.S. DISTRICT COURT
NEW HAVEN, CT.

OLIVER COLLINS        CASE NO. 3:19 cv 1049 (AVC)

V

ZOAR OUTDOOR ADVENTURE RESORT INC.    : JURY TRIAL REQUESTED

BASIS FOR JURISDICTION

28 USC SECTION 1332, DIVERSITY OF STATE CITIZENSHIP AND

CLAIM FOR MORE THAN $75,000.00 IN DAMAGES

## COMPLAINT FOR A CIVIL CAUSE

### COUNT ONE- GROSS NEGLIGENCE

1. The Plaintiff, Oliver Collins (Collins), is a resident of the State of Connecticut residing **at 395 Central Avenue,** New Haven, Connecticut.

2. The Defendant, Zoar Outdoor Adventure Resort Incorporated (Zoar), at all times relevant is a Massachusetts Corporation located at Mohawk Trail, Route 2 Charlemont, Massachusetts 01339.

3. The Defendant, Zoar is in the business of providing rafting tours, amongst other activities for a fee.

4. On or about July 1, 2017, the Plaintiff and Defendants entered into an online contract (see schedule A attached) for a white water rafting trip to be held on July 3, 2017.

5. Collins paid the required fee on line.

6. Upon arrival at the beginning of the rafting trip, Collins entered a boat/raft, owned and operated by Zoar.

7. At some point during the trip, the guide stopped and picked up a large cylindrical item and/or two duffle bag looking objects, presumably with the trip's participants lunch inside.

8. The boat/raft at this point, due to the cylindrical objects loaded onto the boat/raft, was now over crowded thereby preventing the occupants from adjusting inside the boat/raft in the case of jostling by any rocks, white water and or, any object that the boat/raft might encounter.

9. Zoar's guide then adjusted the boat/raft in a direction toward a rapid flowing water and or, a slight waterfall.

10. Due to the restriction in the boat/raft, caused by the occupants and the cylindrical containers, Collins, upon impact of the rapid flowing water and or waterfall, was expelled from the boat/raft in a violent manner striking his back on a rock.

11. The expulsion and violent striking of Collins' back did cause a bone in his back to break.

12. Someone employed by Zoar reached out and 'pulled' Collins back into the boat, further injuring Collins and caused Collins to suffer even more extreme pain.

13. The boat/raft pulled over to the shore. Collins was then forced to walk up an extremely steep hill in immense pain. He was forced to wait for a van, owned and operated by Zoar, with no medical professional on board to pick Collins up.

14. Later he was transported via ambulance to the hospital.

15. Collins was treated and released from the hospital that day, and forced to stay in a hotel as he was in too much pain to travel home.

16. Zoar did pay for the hospital bill and the hotel bill.

17. As a result of Zoar's gross negligence, the Plaintiff was caused to suffer:

   a. A fracture of transverse process of his lumbar spine,
   b. Injuries to wit:
      1. **Other damage to his back and neck,**
      2. **whiplash,**
      3. **Cervical, and Lumbar Sprain and strain,**
      4. **Bruised ribs**
      5. **Other debilitating ailments.**

18. As a result of Zoar's gross negligence, it caused further expenses to Collins to wit:

   a. Many visits to the Doctors,
   b. Past and future medical expenses,
   c. Lost wages,
   d. Permanent physical impairment.

### COUNT TWO- NEGLIGENCE

19. Paragraphs 1-18 are hereby restated and incorporated herein.

20. As the actions of Zoar as described above, constitute negligence.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

1. Order consequential damages,
2. punitive damages,
3. compensatory damages,
4. costs for prosecution of this action,
5. and such other and further relief as may be just, proper and lawful.

THE PLAINTIFF,

By,_____

Anthony A. Wallace, Esquire

394 Yale Avenue

New Haven, CT 06515

203-745-5552

Juris 08881

aawallacelaw@hotmail.com